UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

**NOA PARNAS,**

**Plaintiff,**

**v.**

**COLLIN MURRAY; et al.,**

**Defendants.**

**Civil No. 21-1061 (GAG)**

## MEMORANDUM ORDER

Presently before the Court is Collin Murray's ("Defendant") motion to limit his liability in Noa Parnas' ("Plaintiff") above-captioned lawsuit to the value of the maritime vessel involved in the accident pursuant to 46 U.S.C. § 3505. (Docket No. 24). Plaintiff provides the receipt from when he bought the maritime vessel, which states that it is a "Reef Runner 23'" worth $10,000. (Docket Nos. 24 ¶¶ 1, 6, 21, 24, 25; 24-5). Thus, Defendant seeks to limit his liability from Plaintiff's accident to said amount.

The Limitation of Liability Act of 1851 grants shipowners the right to limit liability for injury and damage claims arising out of accidents involving their vessels. 46 U.S.C. §§ 30501, *et seq.* The Supreme Court explained that the purpose of the Act:

> [W]as to encourage shipbuilding and to induce the investment of money in this branch of industry by limiting the venture of those who build the ships to the loss of the ship itself or her freight then pending, in cases of damage or wrong happening, without the privity, or knowledge of the shipowner, and by the fault or neglect of the master or other persons on board.

Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co., 273 U.S. 207, 214 (1927). As such, the Act provides that the liability of a shipowner arising out of a maritime incident "shall not exceed the value of the vessel and pending freight," so long as the accident occurred "without the privity or knowledge of the owner." 46 U.S.C. § 3505.

**Civil No. 21-1061 (GAG)**

Plaintiff opposes arguing that Defendant's motion ought to be denied because: (1) the request to limit liability is time-barred and (2) the motion is a premature attempt to file a FED. R. CIV. P. 36 motion without the proper opportunity to take depositions or otherwise finish pending discovery. (Docket No. 25). Without addressing the merits of Plaintiff's arguments in opposition, the Court **DENIES without prejudice** Defendant's motion to limit liability at Docket No. 24.

## I. Discussion

Supplemental Rule F for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure dictates the procedure in limitation actions. See Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 448 (2001); see also Matter of Weiss, Civil No. 16-529S (PAS), 2016 WL 7383778 (D.R.I. Oct. 18, 2016), *adopted by* Matter of Weiss, 2016 WL 7378894 (Dec. 20, 2016); Matter of Mykolenko, Civil No. 2018-28 (CVG), 2019 WL 1010926 (D.V.I. Mar. 4, 2019). First, a shipowner must file a complaint in an appropriate district court within six months of receiving written notice of a claim. FED. R. CIV. P. Supp. Rule F(1); see also 46 U.S.C. § 30511(a). Thereafter, the shipowner must deposit with the Court "a sum equal to the amount or value of the owner's interest in the vessel . . . or approved security therefor." Supp. Rule F(1); see also 46 U.S.C. § 30511(b)(1). If the shipowner opts to provide the Court with approved security for the cost of the vessel, he or she must also give security "for interest at the rate of 6 percent per annum from the date of the security." Supp. Rule F(1). In addition, Local Admiralty Rule F(1) for the District of Puerto Rico requires that "[t]he amount of security for costs under Supplemental Rule F(1) shall be $1,000; it may be combined with the security for value and interest, unless otherwise ordered." L. ADM. R. F(1) (D.P.R. 2020); see also 46 U.S.C. § 30511(b)(1). If a claimant wishes to challenge the sufficiency of the security "on the ground that [it is] less than the value of the plaintiff's interest in the vessel and pending freight," such claimant may, upon motion, demand that the deposited funds be increased. Supp. Rule F(7); see also Weiss, 2016 WL 7383778, at *2.

After a shipowner files a limited liability complaint and complies with the requirements of Supplemental Rule F(1) by depositing the appropriate security with the Court, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." FED. R. CIV. P. Supp. Rule F(3); 46 U.S.C. § 30511(c). Supplemental Rule F(3) further provides the Court with the power to, upon motion by the owner seeking limitation, "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Supp. Rule F(3); see also In re Paradise Holdings, Inc., 795 F.2d 756, 761 (9th Cir. 1986) (noting that a district court has broad discretion in issuance of injunction under FED. R. CIV. P. Supplemental Rule F(3)).

Finally, Supplemental Rule F(4) provides that the Court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their claims with the clerk, and to serve them on the attorneys for the plaintiff on or before a date to be named in a notice. Supp. Rule F(4). This notice, in turn, shall be published in such newspaper as the Court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. Id. In addition, not later than the day of second publication, the plaintiff must mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage on which the claims sought to be limited arose. Id. After proper notice has been given, "the court, sitting without a jury, adjudicates the claims," and "[t]he court then determines whether the owner may limit liability." Id.; see also Weiss, 2016 WL 7383778, at *2.

Notwithstanding the above procedure, Local Admiralty Rule F(2) (Order of Proof at Trial) states that "[w]here the vessel interests seeking statutory limitation of liability have raised the statutory defense by way of answer or complaint, the plaintiff in the former or the damage claimant in the latter shall proceed with its proof first, as is normal at civil trials." L. ADM. R. F(2) (D.P.R. 2020).

**Civil No. 21-1061 (GAG)**

Defendant's motion is premature because according to Local Admiralty Rule F(2), Plaintiff shall proceed with his proof first as is normal at civil trials. In the present case, Defendant has not submitted a verified complaint as required by the Limitation of Liability Act and Supplemental Rule F for Admiralty or Maritime Claims of Federal Rules of Civil Procedure. If Defendant were to submit a verified complaint in compliance with the Limitation to Liability Act, 46 U.S.C. §§ 30501, *et seq.*, then the proper procedural mechanisms may be pursued.

For the foregoing reasons, the Court **DENIES without prejudice** Defendant's motion to limit liability at Docket No. 24.

**SO ORDERED.**

In San Juan, Puerto Rico this 9th day of September 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge